NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 06-CV-098-HRW

STEVE BOYD HAMRICK                                                              PETITIONER

VS:                **MEMORANDUM OPINION AND ORDER**

BRIAN PATTON, Warden                                                            RESPONDENT

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Steve Boyd Hamrick, who is currently confined at the Federal Correctional Institution in Ashland, Kentucky ("FCI-Ashland") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. He has paid the $5.00 filing fee.

This matter is pending before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

*Pro se* petitions are held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, under 28 U.S.C. §1915(e)(2), the district court can dismiss a case at any time if it determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

CLAIM

The petitioner challenges a detainer which has been placed against him by the Commonwealth of Kentucky, specifically, the Pulaski County Commonwealth Attorney's Office. The PCCA lodged the detainer against the Petitioner in July, 2004.

FACTUAL ALLEGATIONS

The petitioner asked the Bureau of Prisons ("BOP") to decline to honor a detainer which the PCCA filed against the Petitioner. The detainer stemmed from a four-year drug offense sentence rendered against him in the Pulaski Circuit Court on March 20, 2003 (02-CR-00172-002). The petitioner argued that because his Kentucky state-court sentence was to run concurrently with his federal sentence, his Kentucky sentence will be discharged upon completion of his federal sentence. According to the Warden's February 3, 2006 Response to the BP-9 "Request for Administrative Remedy," the petitioner's release date from federal custody is scheduled to be September 1, 2006, via Good Conduct Time Release. Accordingly, the petitioner concluded that the Kentucky detainer should have no force and effect on his federal sentence. He further asserted that the detainer precludes him from participation in certain BOP programs, such as the Residential Drug Abuse Program.[1]

---

[1] The RDAP is a program through which certain federal inmates receive various incentives for involvement in drug abuse treatment programs. 28 C.F.R. §550.57. The BOP has discretion to allow an inmate a sentence reduction of up to one year if the inmate was convicted of a nonviolent offense and has successfully completed a substance abuse treatment program. 18 U.S.C. §3621(e)(2)(B).

The BOP refused to dishonor the detainer, stating that according to BOP Program Statement (PS) 5800.13 *Inmate Systems Manual*, all detainers remain in effect unless and until the charges from the state are dismissed and/or the state authorizes or requests, in writing, removal of their detainer.

The petitioner exhausted his claim through all levels of the BOP's administrative process. Having failed there, he filed this §2241 habeas petition on June 26, 2006. He seeks an order directing the BOP to treat the Kentucky detainer as null and void.

## DISCUSSION

The petitioner is not entitled to the relief he seeks from this Court, because his first remedy would be in the Kentucky courts. The BOP was correct in its rejection of the petitioner's claim: it is not authorized to determine whether a state-issued detainer was properly lodged. When other petitioners have challenged parole decisions by way of federal petitions for habeas corpus, pursuant to 28 U.S.C. §2241, the federal courts have consistently required the exhaustion of state court remedies as a prerequisite. *See Irvin v. Dowd*, 359 U.S. 394, 406 (1959); *Click v. Ohio*, 319 F.2d 855 (6th Cir. 1963); *Atkins v. Michigan*, 644 F.2d 543 (6th Cir. 1981), *cert. denied*, 452 U.S. 964 (1981). The state's highest court must have an opportunity to review the claims. *Castillo v. Peoples*, 109 S. Ct. 1056, 1060 (1989).[2]

---

[2]

A prisoner must apply to a state court for relief from a state detainer. *See Robinson v. People of the State of Illinois*, 752 F. Supp. 248 (N.D. Ill. 1990). A federal court has no superintending function or control over a state court. Federal courts have no general power to compel action by state officers, including state judicial officers. *Davis v. Lansing*, 851 F. 2d 72, 74 (2nd Cir. 1988); *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986); *More v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973) (per curiam); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970).

Because the instant petitioner has not alleged exhaustion of his state court remedies, the matter is not now properly before the federal court. To address the constitutionality of a state parole or probation proceeding under §2241 without exhaustion "would deny the state court the opportunity to examine the constitutionality of its own procedures." *Brewer v. Kahlberg*, 942 F.2d 328, 337 (6th Cir. 1991). Further, another one of the obvious reasons for requiring exhaustion is to provide a record for the federal courts' review. Because the petitioner has not demonstrated that he has challenged his detainer in the courts of Kentucky, this Court lacks a record and sufficient information for meaningful review of any action taken in the Pulaski Circuit Court. The petitioner's failure to exhaust violates both the letter and underlying rationale for the law of exhaustion.

Petitioner is further advised that to the extent he alleges that the pending detainer adversely affects his prison classification and qualification for institutional programs, such as the RDAP, his claim would suffer on the merits. Courts have rejected the notion that every state action carrying adverse consequences for prison inmates automatically activates a due process right. In *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976), for example, no due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a "grievous loss" upon the inmate.

The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system. Congress has given federal prison officials full discretion to control these

conditions of confinement, 18 U.S.C. § 4081. *See Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L. Ed.2d 236 (1976). The petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process.

Specifically, with regard to the petitioner's claim that he might have lost any opportunity for early release under the RDAP, there is no authority for a prisoner's having a liberty interest in 18 U.S.C. §3621(e)(2), which by its very terms grants the BOP full discretion to grant or withhold an early release, even denying any early release to those who have already completed the RDAP.[3] Early release is much like parole, in that either possibility "provides no more than a mere hope that the benefit will be obtained." *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S.1,7, 99 S. Ct. 2100 (1979); *see Green v. Federal Bureau of Prisons*, 2002 WL 32619483, *3 (D. Minn. 2002) (possibility of early release is not a liberty interest).

Thus, the instant action will be dismissed without prejudice to the petitioner's right to file a new §2241 habeas action after he has exhausted his state court remedies.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** as follows:

(1)  The petition of Steve Boyd Hamrick for writ of habeas corpus is **DENIED**, *sua sponte*.

---

[3] In *Lopez v. Davis*, 531 U.S. 230, 121 S. Ct. 714 (2001), the Supreme Court held that the use of the word "may" rather than "shall" in §3621(e) in the statute gave the BOP the discretion to exclude categories of inmates from the sentence reduction program, and held that individualized determinations are not necessary. 531 U.S. at 240-44, 121 S.Ct. 714. Accordingly, the BOP may exclude inmates from early release categorically or on a case-by-case basis.

(2) The petitioner's "Motion in Response to Deficiency Order" [Record No. 4] and "Motion to Expand the Record" [Record No. 6] are **DENIED** as **MOOT**.

(3) The action will be **DISMISSED WITHOUT PREJUDICE** from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This July 25, 2006.

Signed By:
Henry R Wilhoit Jr.
United States District Judge